IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EMERSON SANDERS | * | |
| v. | * | Civil No. CCB-13-891 |
| UNITED STATES AND DEPARTMENT OF THE TREASURY | * | |

## MEMORANDUM

Now pending is the Government's motion for summary judgment. The court understands plaintiff Emerson Sanders' ("Sanders") complaint as a demand for a tax refund for 1995.[1] For the reasons stated below, the court determines that Sanders may not receive a tax refund for 1995.

Pursuant to 26 U.S.C. § 7422(a), a plaintiff must file a claim for refund with the Internal Revenue Service ("IRS") before filing a refund action in court. *See also United States v. Dalm*, 494 U.S. 596, 601–02 (1990) (explaining that the district court's jurisdiction to hear a refund suit is limited by § 7422(a)); *Beckwith Realty, Inc. v. United States*, 896 F.2d 860, 862 (4th Cir. 1990) ("Section 7422(a) requires the filing of a timely claim for refund before a district court can obtain jurisdiction over a tax refund action so that the [IRS] will have the opportunity to consider and dispose of a taxpayer's claim without the expense and time involved in litigating the suit."). The IRS has not received a refund claim from Sanders for tax year 1995. (Decl. of Robin Tate,

---

[1] Sanders concedes that he is not entitled to tax refunds for 2002 to 2008. (*See* Pl.'s Resp., ECF No. 15, at 1.)

ECF No. 14-2, at ¶ 4.)[2]  The court, therefore, does not have jurisdiction over Sanders' suit.[3]  It will be dismissed by separate Order.

December 30, 2013                                                            /s/
Date                                                                   Catherine C. Blake
                                                                       United States District Judge

---

[2] Sanders claims that, in 2011, he filed a 1995 tax return claiming a refund. (Pl.'s Resp. at 1; *see also* Decl. of Sanders, ECF No. 15, at ¶ 5.)  But he submits only an unstamped copy of the 1995 tax return, which provides no indication as to whether it was received by the IRS. (*See* Pl.'s 1995 Tax Return, ECF No. 15-1, at 2–4.)  Thus, Sanders' unsupported claim is insufficient to overcome the Government's evidence that the IRS has not, to date, received a claim for refund. Moreover, even if the court determined that there is a genuine dispute as to whether Sanders submitted a refund claim for 1995, he cannot maintain this suit due to the concept of "substantial variance." *See Lockheed Martin Corp. v. United States*, 39 Fed. Cl. 197, 201 (1997) (internal quotation marks omitted) (explaining that a plaintiff cannot claim at trial a refund "substantially varying" from the amount in the refund application); *see also Beckwith Realty, Inc.*, 896 F.2d at 862 (stating that, to satisfy § 7422(a), "the claim for refund must contain sufficient information" so that the IRS may respond fully to the plaintiff's claim).  Sanders' 1995 tax return claimed only a $230 refund; it did not claim a refund for any amounts collected by the IRS through levies. (*See* Pl.'s 1995 Tax Return at 3.)  In any event, Sanders has already received credits for 1995 in excess of the $230 refund he allegedly claimed. (*See* Gov't Ex. B, ECF No. 14-4.)

[3] The court notes that Exhibit A attached to Sanders' response contains his and his dependents' social security numbers.  He should file a redacted copy of the exhibit.